**William A. Romaine #126966**
war@lawromaine.com
**Zishan Lokhandwala #325567**
zl@lawromaine.com
**Romaine Lokhandwala Law Group, LLP**
3323 South Fairway Street, Suite 5
Visalia, California 93277

Telephone: 559 625 6020
Telecopier: 559 625 6024

Attorneys for Plaintiff, Javier Maldonado

# United States District Court
# Eastern District of California

| | |
|---|---|
| Javier Maldonado, | Case Number: |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| vs. | **[FALSE ARREST; DEPRIVATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983); INTERFERENCE WITH EXERCISE OF STATE OR FEDERAL RIGHTS (Cal. Civ. Code § 52.1)]** |
| County of Tulare, California, Michael Boudreaux, in his official capacity as Tulare County Sheriff, and one or more of his deputies, | |
| Defendants. | **JURY TRIAL DEMANDED ON ALL CAUSES** |

Plaintiff Javier Maldondo ("Maldonado") here alleges, for a cause of action, the following against defendants and each of them as follows:

///

///

///

# JURISDICTION :

1. This is a civil action at law, seeking redress for the deprivation of rights, privileges, or immunities secured to Maldonado by the Constitution and laws of the United States to wit: the right to be free in his person, papers, and property of unreasonable search and seizure, depravation of which under color of state law is hereinafter alleged to have occurred in the Eastern District of California. As a result of these actions on the part of defendants as more particularly alleged *infra*, a cause of action arose in favor of plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Therefore, original jurisdiction in that matter exists in the above-entitled court pursuant to the provisions of 28 U.S.C. § 1331. Moreover, the rights sought here to be redressed by Maldonado are, *inter alia*, secured to him by Amendment IV and Amendment XIV of the Constitution of the United States of America and the laws enacted pursuant thereto as hereinafter alleged and therefore constitute civil rights as that term is contemplated by the provisions of 28 U.S.C. § 1343(a)(4) and therefore original jurisdiction is further vested in this court pursuant to the provisions of 28 U.S.C. § 1343(a)(4).

2. In addition, to the foregoing, Maldonado hereinafter alleges causes of action arising pursuant to the statutory and common law of the State of California, As more particularly alleged hereafter these causes of action arose in substantial part, from essentially the same conduct by the same parties

alleged to have given rise to plaintiff's cause of action under 42 U.S.C. § 1983. As more particularly alleged *infra*, the conduct giving rise to the causes of action alleged pursuant to the laws of the State of California are so identical as to be directly related to the conduct alleged to violate the laws and/or Constitution of the State of California and subject to the me proof as to constitute an integral and elemental part of Maldonado's action for relief under federal law. Consequently, the above-entitled court enjoys supplemental jurisdiction over those causes of action under 28 U.S.C. § 1367 providing jurisdiction in the above-entitled court to preside over plaintiff's state law claims as hereinafter alleged.

## FACTS COMMON TO ALL CAUSES OF ACTION :

3. Within six (6) months prior to the events alleged to constitute causes of action in the above-entitled matter, Maldonado duly presented to defendant County of Tulare, California a written claim prescribed by the Government Code of the State of California by way of precipitating recovery of damages Maldonado alleges he has suffered as more particularly set forth *infra*. That claim was duly presented in writing to the Clerk of the Board of Supervisors of the County of Tulare, California in strict accordance with the provisions of California Government Code, section 905, *et. seq.* On August 30, 2022, the County of Tulare gave written notice to Maldonado that it had received his written claim for damages on August 1, 2022 and had thereafter rejected that claim.

4. Defendant, County of Tulare, ("County") is and at all times material hereto, was, a public entity taking the form of a general law county, subject to the provisions set forth in the California Government Code, as well as the Constitution of the State of California, the laws of the state, the Constitution of the United States, and, the laws of the United States.

5. Defendant, Michael Boudreaux, ("Boudreaux") is and at all times material hereto was the duly elected and serving Tulare County Sheriff: an officer of the defendant County of Tulare, California.

6. On Saturday, June 4, 2022 at approximately 10:00 P.M. the plaintiff, Maldonado, was at a family residence at the location of 19230 Avenue 242 Lindsay, California 93247. Maldonado was entertaining a number of guests and was playing music through an amplified sound device and music player amplifying device at a level never exceeding 65 decibels at the boundary of the real property.

7. At all times, Maldonado ensured by periodic checks and careful monitoring that he was in compliance with Title 5-01, Section 1215 of the Ordinance Code of Tulare County; to wit : Maldonado checked his sound equipment regularly to ensure that the noise level occurring on the property would not exceed 65 decibels as measured at the boundary of the real property from the hours of 11:00 P.M. to 8:00 A.M. Maldonado took further efforts to ensure that the noise level occurring on the property would not exceed 65 decibels as measured at the boundary of the real property even before the

commencement of Quiet Hours as that term is defined in Title 5-01, Section 1215 of the Ordinance Code.

8. At no time on June 4, 2022 did any guest thereon the property shout, group chant, play any acoustic musical instruments, or, start, operate, repair, rebuild or test any motor vehicles of any kind thereon the property.

9. At this time and place, one or more deputies of the defendant, Boudreaux, entered unto the plaintiff's private property, and confronted plaintiff, advising him that there were complaints about the level of noise and ordering him to reduce the volume of music that he was playing, despite the fact that Maldanado pointed out to them that at this time and place, it was not "Quiet Hours" as that term is defined in Title 5-01, Section 1215 of the Ordinance Code of Tulare County because it was earlier than 11 P.M. on a Saturday evening. Nevertheless, in a spirit of cooperation, Maldonado advised the deputies that he would continue to monitor the sound and keep it at, or below, a regulated volume of 65db.

10. Notwithstanding this response from Maldonado as set forth in the preceding paragraph, one or more deputies of the defendant, Boudreaux, then and there seized the person of Maldonado by arresting him forthwith and transporting him against his will to the Tulare County Jail for detention at the Porterville Sheriff's Detachment.

11. The seizure of Maldonado's person, as described in the preceding paragraph, occurred at or near 10:00 P.M., on June 4, 2022 and was effected

by one or more deputies of the defendant, Boudreaux for the purpose of arresting Maldonado without warrant and without probable cause to believe that Maldonado was then and there violating any statutory, or other law, regulation, or constitutional provision of the County of Tulare, California, the State of California, or of the United States of America.

12. No exceptions to the requirement of Amendment IV as incorporated in Amendment XIV of the United States Constitution then and there were applicable to allow an arrest of Maldonado to be made without warrant for the arrest of Maldonado. Among other things, and without limitation by alleging same, the term "at that time and place" was at or near 19230 Avenue 242 Lindsay, California 93247 on June 4, 2022 at the approximate hour of 10:00 P.M.

13. At approximately 10:15 P.M one or more deputies of the defendant, Boudreaux, secured Maldonado's person and unlawfully in violation of his will, removed Maldonado from 19230 Avenue 242 Lindsay, California 93247 and then and there transported Maldonado to the Tulare County Jail at the Porterville Sheriff's Detachment for detention in the custody of the Tulare County Sheriff's Office.

14. As a result of the seizure and transportation of Maldonado's person by the deputies, Maldonado remained in the continuous custody of Boudreaux who knew, or should have known that Maldonado's arrest was without warrant and without exception to the warrant requirement, that it was effected by

his officers without probable cause, and that it was the only basis for Maldonado's continuing detention in the custody of Boudreaux.

15. The actions of the deputy sheriff, or sheriffs as described above were done in the course and scope of their employment as officers and/or agents of Boudreaux and the County of Tulare, California and pursuant to a policy, custom, or practice of said County instituted by Boudreuax that included maintaining order and authority by arresting, transporting, and detaining with or without warrant or probable cause, any person who did not obey a lawful, or unlawful order of any deputy of Boudreaux, or the County of Tulare, California.

16. Alternatively, if the conduct of the deputies as alleged at the time and place set forth above was not conducted pursuant to a policy, custom, or practice of the County of Tulare, it was done by the deputies with the express knowledge and understanding, that it was unlawful conduct, or that it was conduct that a reasonable deputy, with ordinary knowledge and training, would understand was in violation of the civil rights of defendant to engage in conduct that is protected by the laws and Constitution of the United States.

17. This arrest of Maldonado that took place on June 4, 2022 at approximately 10:00 P.M, as well as his non consensual transportation and detention occurred in such an open place that it was witnessed by more than twenty-five citizens of Tulare County where Maldonado has traditionally enjoyed a

long-standing reputation for being a philanthropic local restauranteur heavily engaged in civic involvement with board positions on local organizations such as the Lyons Club for Tulare County, the League of United Latin American Citizens for Tulare County, and, public support of the local police and sheriff's departments and whose commitment, public and private, to obedience and subservience to the laws were above reproach.

18. As a result of the arrest and detention of Maldonado as a result of the actions and omissions of County and Boudreaux, Maldonado suffered physical injury to both of his hands, including bruising, as well as emotional distress, embarrassment, obloquy, and loss of reputation in the community as hereinabove set forth, all to his damage in a sum according to proof.

### FIRST CAUSE OF ACTION
### (False Arrest Without A Warrant By A Peace Officer – Against Deputies, County, & Boudreaux)

19. Maldonado hereby incorporates by reference all of the allegations of paragraphs 1 through 18 inclusive, as if fully set forth herein.

20. No deputy, Boudreaux, nor any officer, or agent of the County of Tulare, California had knowledge of any fact, or evidence prior to the arrest of Maldonado as hereinabove alleged, that would justify taking Maldonado into custody, detaining him, or arresting him for any reason and no such knowledge was subsequently obtained by any deputy, Boudreaux, nor any officer, or agent of the County of Tulare, California.

21. No conduct on the part of Maldonado constituted evidence of some condition, or circumstance that authorized any deputy, Boudreaux, nor any officer, or agent of the County of Tulare, California to take Maldonado into their custody against his will, to detain him, or to transport him against his will to any detention facility, or otherwise to remove him, without his consent from 19230 Avenue 242 Lindsay, California 93247.

22. Accordingly, by removing Maldonado against his will from 19230 Avenue 242 Lindsay, California 93247 and transporting him against his will to the detention facility as hereinabove alleged and detaining him there for any period of time, constituted false arrest and detention in violation of the laws of the State of California and directly and proximately caused injury to Maldonado, all to his damage according to proof.

23. This arrest of Maldonado that took place on June 4, 2022 at approximately 10:00 P.M, as well as the events that directly and proximately followed that arrest, was witnessed in whole, or in part, by more than twenty-five citizens of Tulare County where Maldonado has traditionally enjoyed a long-standing reputation as a philanthropic local restauranteur, heavily engaged in civic involvement with board positions on local organizations such as the Lions Club for Tulare County, the League of United Latin American Citizens for Tulare County, and, public support of the local police and sheriff's departments and whose commitment, public and private, to obedience and subservience to the laws were above reproach. This visible

arrest and detention directly and proximately caused those people witnessing same, together with any other person to whom they related the incident, to lose respect for Maldonado and to erroneously consider him an untrustworthy and unreliable person and to conclude that his protestations of respect for law and order should not be credited and that as a result he should be suspected of other unlawful conduct, and economically shunned.

24. The deputy(ies) were animated by anger and pique in doing the things herein alleged because Maldonado failed to obey and, instead questioned the lawfulness of their orders. As a result of their anger and pique, the deputies desired to and acted unlawfully in such a way deliberately calculated to cause injury to Maldonado and to arrest him and bring public charges against him in violation of his civil rights.

25. As a result of the wrongful arrest effected as hereinabove set forth, Maldonado suffered physical injury to both of his hands, including bruising because the deputy sheriff that performed the arrest performed a pat-down search of Maldonado's person, using unjustifiable, excessive force, to wit: handling Maldonado's person roughly, prodding and palpating much more intrusively than necessary on and around Maldonado's private parts, and making unwarranted and deliberate rude comment about Maldonado's physical stature. Further, despite the fact that Maldonado was cooperating completely with the deputies in securing his person with handcuffs, the deputy sheriff that effected the handcuffing did so that one or both of

Maldonado's hands suffered visible contusions and limited his range of motion in his hands even after the restraints had been removed.

26. As a direct and proximate result of the injuries inflicted unto Maldonado by the deputy(ies) of Boudreaux as articulated hereinabove, Maldonado was forced to incur medical expenses to treat and monitor the healing of his wrist all to his damage in a sum according to proof.

27. As a direct and proximate result of the actions of the deputy sheriff at the direction of Boudreaux. Maldonado suffered emotional distress, embarrassment, obloquy, insofar as Maldonado had to endure the indignity of having his peers in a community wherein Maldonado is well known and enjoys prominent status therewithin, witness Maldonado being restrained against his will and subsequently transported in the back seat of a police car away from a party that he hosted.

28. As a direct and proximate result of his being falsely arrested, Maldonado was forced to incur additional advertising expenses in attempts to rectify his reputation and mitigate ensuing damage thereto resultant from the attendant damage to his reputation.

29. As a proximate result of the actions of the deputy sheriff at the direction of Boudreaux, in transporting Maldonado against his will to the Tulare County Jail at the Porterville Sheriff's Detachment, and detaining Maldonado therein for an excessive period of time, Maldonado suffered emotional distress, embarrassment, obloquy, and loss of reputation in the community insofar as

Maldonado had his peers in a community wherein Maldonado is well known and enjoys prominent status therewithin, witness Maldonado being restrained against his will and subsequently transported to the Tulare County Jail where he was detained for a prolonged period of time resulting in substantial emotional distress, mental anguish, and recrimination on the part of Maldonado.

30. As a proximate result of the acts and omissions as articulated hereinabove, Maldonado has suffered general damages in sum according to proof at trial.

WHEREFORE, the plaintiff prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
*(Deprivation of Federally Protected Rights Brought under 42 U.S.C. § 1983 – Against Deputies, County, & Boudreaux)*

31. Maldonado hereby incorporates by reference all of the allegations of paragraphs 1 through 30 inclusive, as if fully set forth herein.

32. The plaintiff, Maldonado, was fully within his rights as an occupier of land to entertain guests on that land, including, but not limited to presenting them with amplified music within the restrictions on that activity set forth in Ordinance of Tulare County, California on Saturday and he was enjoying those rights in lawful occupation of a residential property located at 19230 Avenue 242 Lindsay, California 93247. Additionally, Maldonado enjoyed the right as provided under the Fourth as incorporated by the Fourteenth Amendment to the Constitution of the United States, to be secure in his person, property, and effects, against unreasonable searches and seizures.

33. At that time and place, defendants, County, Boudreaux, and one or more of his deputies, acting under color of California law, caused Maldonado to be subjected to the deprivation of rights, privileges, or immunities secured to him by the Constitution of the United States by then and there conducting an unreasonable seizure of Maldonado's person when one or more deputies of Boudreaux arrested Maldonado, without warrant and without probable cause to believe that Maldonado was then and there violating any statutory, or other law, regulation, or constitutional provision of the County of Tulare, California, the State of California, or the United States of America.

34. As alleged *inter alia*, on the date of June 4, 2022 at approximately 10:00 P.M. at the location of 19230 Avenue 242 Lindsay, California 93247, Maldonado was falsely arrested and subsequently transported to Tulare County Jail and detained by a deputy sheriff at the direction of Boudreaux, without warrant and without exception to the warrant requirement, where such arrest was witnessed by more than twenty-five citizens of Tulare County, California where Maldonado has traditionally enjoyed a long-standing reputation for philanthropy and civic involvement with local organizations such as the Lyons Club, the League of United Latin American Citizens, and public support of the local police and sheriff's departments, and where such actions were purported to have been conducted in furtherance of a noise ordinance respecting the amount of decibels in sound that may be emitted at the hour of 10:00 P.M. therefrom the park located

at 19230 Avenue 242 Lindsay, California 93247, despite the fact that the Tulare County Sherriff, neglected to, elected to, or otherwise failed, to perform any reasonable inquiry into the amount of decibels in sound that were being emitted there and then, and further, neglected to, elected to, or otherwise failed, to investigate whether Quiet Hours had commenced in accordance with the Ordinance Code of Tulare County.

35. As a direct and proximate result of the actions of the deputy sheriff at the direction of Boudreaux in his official capacity as Tulare County Sherriff in arresting and transporting Maldonado against his will to the Tulare County Jail at the Porterville Sheriff's Detachment, and detaining Maldonado there for an excessive period of time, Maldonado suffered physical injuries as well as emotional distress, embarrassment, obloquy, and loss of reputation in sum according to proof at trial.

36. As a further direct and proximate result of the actions of the Tulare County Sherriff, Maldonado suffered deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States respecting his autonomy over his person absent due process by way of his arrest by a peace officer, without warrant, without exception to warrant requirement and ultimately without due process, all to his damage in a sum according to proof.

WHEREFORE, the plaintiff prays judgment as hereinafter set forth.

///

### THIRD CAUSE OF ACTION
### (Violation of California Civil Code § 52.1—
### Against Deputies, County, & Boudreaux)

37. Maldonado hereby incorporates by reference all of the allegations of paragraphs 1 through 36 inclusive, as if fully set forth herein.

38. As codified by Section 52.1 of the California Civil Code (The Bane Civil Rights Act), California Law forbids anyone—whether or not acting under color of law—from interfering by force or by threat of violence with another individual's federal or state constitutional or statutory rights.

39. As alleged *inter alia*, the plaintiff, Maldonado, was fully within his rights as a homeowner to entertain guests on his property and play music at a **level not exceeding 65 decibels** at the boundary of the real property at the hour of 10 P.M. on Saturday thereon his family premises at 19230 Avenue 242 Lindsay, California 93247, and, Maldonado enjoyed the right as provided under the Fourth and Fourteenth Amendment to the Constitution of the United States, **to be secure in his person, and effects, against unreasonable seizures** at such time when Maldonado was at his family residence playing music at a level not exceeding 65 decibels at the boundary of the real property before the commencement of Quiet Hours as that term is defined in Title 5-01, Section 1215 of the Ordinance Code of Tulare County, in compliance with Title 5-01, Section 1215 as well as every other pertinent portions contained therein the Ordinance Code of Tulare County.

40. Such arrest was effected under color of law insofar as the deputy was in

uniform, with badge and weapons equipment secured in holster, with reasonable appearance that failure to acquiesce to the deputy's demands would result in imminent harm and or punishment or may otherwise result in a violation of law.

41. As noted inter alia, as a direct and proximate result of the actions of the Deputy(ies) of Boudreaux in arresting and transporting Maldonado against his will to the Tulare County Jail at the Porterville Sheriff's Detachment, and detaining Maldonado therein for an excessive period of time, Maldonado suffered physical injuries as well as emotional distress, embarrassment, obloquy, and loss of reputation in sum according to proof at trial.

50. As a further direct and proximate result of the actions of the Deputy(ies) of Boudreaux, Maldonado suffered deprivation of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States respecting seizure of his person absent due process by way of his arrest by a peace officer, without warrant, without exception to warrant requirement and ultimately without due process, and those rights secured to him by the Constitution and laws of the state of California respecting same so resulting in sufferance of damages in sum according to proof at trial.

## PRAYER:

**WHEREFORE**, plaintiff prays judgment enter in his favor and against defendants as follows:

JAVIER MALDONADO v. COUNTY OF TULARE, ET. AL.   - 16
Complaint For Damages

1. For compensatory damages in the sum of five million dollars ($5,000,000.00) or according to proof for damages sustained as a direct and proximate result of the actions of the deputies of Boudreaux; to wit: Maldonado's medical expenses to treat and monitor the healing of his wrist; Maldonado's psychological / counseling treatment expenses incurred to overcome the emotional anguish and loss of his feelings of personal security; Maldonado's additional advertising expenses incurred in attempts to rectify his reputation; Maldonado's loss of income so incurred as a result of the damage to reputation so effected by the actions of one or more of the deputy(ies) of Boudreaux.

2. For general damages in the amount of ten million dollars ($10,000,000) or a sum according to proof ensued by Maldonado's loss of personal security, loss of reputation and community esteem, and other mental anguish and emotional distress resulting from the conduct of one or more defendants as hereinabove alleged.

3. For costs of suit;

4. For reasonable attorney's fees pursuant to the provisions of 42 U.S.C. § 1988;

5. For such other and further relief as the court deems just and appropriate.

**ROMAINE LOKHANDWALA LAW GROUP, LLP.**

Dated: November 22, 2022

s/ William A. Romaine,
Attorneys for Plaintiff

JAVIER MALDONADO v. COUNTY OF TULARE, ET. AL.
Complaint For Damages

- 17